UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RAYMOND W.[1] | : | Case No. 2:23-cv-547 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[2]

Plaintiff Raymond W. brings this case challenging the Social Security Administration's denial of his applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), Plaintiff's Reply (Doc. #10), and the administrative record (Doc. #7).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

Plaintiff protectively applied for benefits on January 22, 2014, alleging disability commencing August 7, 2009, due to epilepsy, bipolar disorder, diabetes, post-traumatic stress disorder, GERD, acid reflux, hypertension, and sleep apnea. (Doc. #7-5, *PageID* #s 243-50, Doc. #7-6, *PageID* #273).[3] After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Jeffrey Hartranft. (Doc. #7-2 *PageID* #s 61-85). ALJ Hartranft concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (Doc. #7-2, *PageID* #s 43-55). After the Appeals Council denied review, Plaintiff filed his first case in the United States District Court for the Southern District of Ohio, and based on a Joint Stipulation of the parties, this Court remanded the case to the Commissioner. (Doc. #7-9, *PageID* #s 635-39); *see [Raymond W.] v. Comm'r of Soc. Sec.*, No. 2:18-cv-186, Doc. #19 (S.D. Ohio Nov. 29, 2018). Upon remand, after a new hearing, ALJ Hartranft found that Plaintiff was not disabled within the meaning of the Social Security Act. (Doc. #7-8, *PageID* #s 550-67). Plaintiff again filed a case in the United States District Court for the Southern District of Ohio, and this Court remanded the case to the Commissioner. (Doc. #7-16, *PageID* #s 1261-74); *see [Raymond W.] v. Comm'r of Soc. Sec.*, No. 2:20-cv-1795, Doc. #20 (S.D. Ohio May 26, 2021).

---

[3] Plaintiff previously filed earlier applications for benefits on June 16, 2010. On August 30, 2012, ALJ Charlotte A. Wright concluded that Plaintiff was not under a "disability" as defined in the Social Security Act. (Doc. #7-3, *PageID* #s 90-99).

Upon remand, the claim was assigned to ALJ Christopher Ambrose, who held a hearing via telephone on October 18, 2022. (Doc. #7-15, *PageID* #s 1219-59). Thereafter, ALJ Ambrose issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[4] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since August 7, 2009, the alleged disability onset date.

Step 2: He has the following severe impairments: epilepsy with lobectomy; Bipolar Disorder; Post Traumatic Stress Disorder (PTSD) with anxiety; and obesity.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of performing "light work …. However, he can occasionally climb ramps and stairs. [Plaintiff] can never climb ladders, ropes, or scaffolds. He can occasionally balance, kneel, stoop, crouch, and/or crawl. [He] must avoid all exposure to unprotected heights. He cannot perform commercial driving. [He] can perform simple, routine, repetitive tasks in [a] work environment free of fast paced production requirements. He can make simple work related decisions. [He] can tolerate few workplace changes. He can occasionally interact with coworkers and supervisors, but needs to be isolated from the public."

He is unable to perform any past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

---

[4] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

3

(Doc. #7-15, *PageID* #s 1200-10). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since August 7, 2009. *Id.* at 1210.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-15, *PageID* #s 1197-1210), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), and Plaintiff's Reply (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.     Discussion**

Plaintiff asserts that the ALJ's residual functional capacity (RFC) determination failed to include a limitation of superficial interaction as assessed by the state agency psychologist, Vicki Warren, Ph.D. (Doc. #8, *PageID* #s 1760-63). Plaintiff also argues that the ALJ erred in weighing the opinion of John A. Paulus, Ph.D. *Id.* at 1763-65. In contrast, the Commissioner maintains that the ALJ accounted for the state agency psychologist's opinion and provided good reasons for according less than controlling weight to Dr. Paulus's opinion. (Doc. #9, *PageID* #s 1774-80).

**A.     Residual Functional Capacity**

An individual's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). The Social Security regulations, rulings, and Sixth Circuit precedent provide that the ALJ is charged with the final responsibility in determining a claimant's RFC. *See* 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the RFC "is reserved to the Commissioner"); 20 C.F.R. § 404.1546(c) (if the claimant's case is at the ALJ hearing level, the ALJ is responsible for assessing his RFC); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). The ALJ's RFC assessment must be based on all the relevant evidence in the case record. 20 C.F.R. § 404.1545(a). Further, substantial evidence must support the ALJ's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010) (Hogan, M.J.).

In formulating Plaintiff's RFC, ALJ Ambrose considered the medical opinion evidence of record and afforded "significant weight" to the opinion of the state agency reviewing psychologist, Vicki Warren, Ph.D. (Doc. #7-15, *PageID* #1208). The ALJ assigned "significant weight because,

5

as explained throughout this finding, Dr. Warren's opinion is consistent with the results of [Plaintiff's] State ordered mental status evaluation and with his mental status during visits with direct care providers." *Id.*

Dr. Warren reviewed Plaintiff's records in June 2014. (Doc. #7-3, *PageID* #s 125-27). Dr. Warren found that Plaintiff is "capable of understanding and remembering simple 1-3 step instructions" and "capable of sustaining concentration and persistence on simple 1-3 step tasks in a setting void of fast pace demands." *Id.* at 125-26. Further, she noted that he is able to adapt to infrequent changes in a static setting. *Id.* at 126. Regarding Plaintiff's social interaction limitations, Dr. Warren opined that Plaintiff "is capable of sustaining superficial interaction with others." *Id.* at 126.

As noted above, Plaintiff's assignment of error rests with the ALJ's failure to include a limitation of superficial interaction in his RFC despite assigning "significant weight" to Dr. Warren's opinion. (Doc. #8, *PageID* #s 1760-63). Instead, the ALJ included the following social interaction limitations in Plaintiff's RFC: "He can occasionally interaction with coworkers and supervisors, but needs to be isolated from the public." (Doc. #7-15, *PageID* #1204). According to Plaintiff, the ALJ failed to explain why the superficial interaction limitation was excluded from the RFC. (Doc. #8, *PageID* #1762). Plaintiff's argument is well-taken.

The work-related limitation of superficial interaction recommended by Dr. Warren is a distinct limitation from the occasional interaction limitation incorporated in Plaintiff's RFC. Indeed, courts have routinely recognized the distinction between limiting the *quantity* of time spent with an individual with the limitation relating to the *quality* of the interactions—including a limitation to "superficial" interaction. *See, e.g., Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-

6

CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18- CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the *quantity* of time spent with [ ] individuals, whereas 'superficial contact' goes to the *quality* of the interactions." (emphasis added)) (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) (Vascura, M.J.) ("[R]eversal is warranted because the ALJ assigned significant weight to [the medical] opinions, but failed to include limitations for 'superficial' interactions."); *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-CV-00028, 2020 WL 13572215, at *4 (S.D. Ohio Mar. 13, 2020) (Graham, D.J.).  As such, Dr. Warren's opined limitation to superficial interaction cannot be accommodated by the ALJ's limitation to occasional contact with coworkers and supervisors and no interaction with the general public.

The Commissioner's argument that the ALJ's decision, when read as a whole, provides a proper explanation for why the ALJ did not include the superficial interaction limitation is unavailing.  The findings by the ALJ that the Commissioner points to in support do not explain *why* the ALJ omitted the superficial interaction limitation.  While an ALJ is under no obligation to mirror a medical opinion verbatim, he does have an obligation to "meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); *see also*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers,

M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). In this case, as noted above, Dr. Warren opined that Plaintiff "is capable of sustaining superficial interaction with others." (Doc. #7-3, *PageID* #126). The ALJ, in turn, found Dr. Warren's opinion to be consistent with the results of Plaintiff's state ordered mental status evaluation and with his mental status during visits with direct care providers. (Doc. #7-15, *PageID* #1208). However, the ALJ failed to include the limitation to superficial interaction in his RFC and failed to "meaningfully explain" why the limitation was excluded. *See, e.g., Natalie C. v. Comm'r of Soc. Sec.*, No. 1:21-CV-145, 2022 WL 2651667, at *4 (S.D. Ohio July 8, 2022) (Bowman, M.J.) (finding remand appropriate where the ALJ erred by failing to explain why he did not incorporate the limitations of a medical opinion he found to be persuasive into the RFC); *Barker v. Astrue*, No. 5:09 CV 1171, 2010 WL 2710520, at *5-6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred by failing to include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that Plaintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited Plaintiff to no more than occasional interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent Plaintiff can interact with co-workers and supervisors").

In short, remand is warranted in this case because the ALJ assigned "significant weight" to Dr. Warren's opinion but failed to include the specific social interaction limitation she

recommended or to offer an adequate explanation as to why he declined to include this limitation. Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[5]

### B. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[5] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenge to the ALJ's decision is unwarranted.

9

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Statement of Errors (Doc. #8) be **GRANTED**;

2. The Commissioner's non-disability finding be **VACATED**;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations and any Decision and Entry adopting this Report and Recommendations; and

5. The case be terminated on the Court's docket.

January 11, 2024

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).